**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LEVIN, SWEDLER & CO., INC., | ) | CASE NO. 5:09CV1213 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| EVEREST NATIONAL INSURANCE | ) | **MEMORANDUM OPINION** |
| CO., | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is plaintiff's motion to remand and for attorney fees associated with the motion (Doc. No. 6), defendant's memorandum in opposition (Doc. No. 12), and plaintiff's reply (Doc. No. 13). For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

On May 27, 2009, defendant removed the above-captioned action to this Court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. The original action had been filed by Levin Swedler in the Summit County Court of Common Pleas on April 29, 2009. It alleged that defendant Everest had breached a contract of professional liability insurance which required that it would both defend and indemnify Levin Swedler for costs associated with underlying professional malpractice and negligence claims brought against Levin Swedler by a former

Case: 5:09-cv-01213-SL  Doc #: 14  Filed:  07/08/09  2 of 6.  PageID #: 111

client, Joshua Gottleib.[1] In addition to the breach of contract claim (Count Two), the complaint also alleged causes of action and/or theories of liability as follows: Count One -- Declaratory Judgment; Count Three -- Bad Faith; and Count Four -- Injunctive Relief.

## II.  LEGAL STANDARD

A defendant may remove to federal court only those actions that originally could have been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441. As a court of limited jurisdiction, "a federal court must proceed with caution in deciding that it has subject matter jurisdiction." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996) (citing *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). The court must give "due regard" to "[t]he power reserved to the states under the Constitution to provide for the determination of controversies in their courts[.]" *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Accordingly, removal statutes must be construed strictly, *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006), and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The party seeking removal bears the burden of proving the court's original jurisdiction. *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [. . .] citizens of different States[.]" The amount in controversy is "determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Smith v. Nationwide Property & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th

---

[1] The two cases are styled: *Levin, Swedler Co., Inc. v. J.L. Gottlieb Agency, Inc.*, Case No. CV-2007-638887 (Cuyahoga County Court of Common Pleas) and *Levin, Swedler Co., Inc. v. Joshua L. Gottlieb, et al.*, Case No. 2007-12-8867 (Summit County Court of Common Pleas). Both case are pending.

2

Cir. 2007) (internal quotation marks and citation omitted). When damages sought in state court are unspecified, a defendant seeking to remove the case has the burden of proving by a preponderance of the evidence that the plaintiff's claims meet the amount in controversy. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). The relevant vantage point for determining the amount in controversy is the time of removal. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

Punitive damages can be factored in when calculating the amount in controversy. However, absent a specification in the complaint of the amount of punitive damages sought, a removing defendant must prove facts sufficient to support federal jurisdiction. *See, e.g.*, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (per curiam) ("If it is *unclear* what amount of damages the plaintiff has sought, [. . .] then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (italics in original) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).

## III. DISCUSSION

There is no dispute here that the case involves citizens of different states. The only dispute is as to the amount in controversy. On this point, Everest bears the burden of proof and, since plaintiff's complaint is not specific as to the amount of damages sought, Everest itself must come forward with facts that support jurisdiction.

As is customary in Ohio, plaintiff's complaint seeks damages on Counts Two and Three "in an amount of at least $25,000.00[.]" Even if these counts are aggregated, the amount sought would be $50,000.00. The complaint also seeks an unspecified amount of punitive damages.

In its motion, plaintiff points out that, at the time of removal, there was an outstanding offer to settle the underlying lawsuit for a lump sum payment of $35,000. At that time, attorney fees associated with the underlying action were $31,113. This would mean that, at the time of removal, the total amount for defense and indemnification, if the case settled, would be less than $75,000. Thus, according to Levin Swedler, the value of the case at the time of removal was $66,113. However, Everest correctly argues in opposition that this does not take into account the declaratory judgment and bad faith claims, the latter of which provides for the possibility of punitive damages.

This case is very similar to a case recently remanded by the U.S. District Court for the Southern District of Ohio. In *Mid Western Auto Sales, Inc. v. Western Heritage Ins. Co.*, No. 08-CV-793, 2009 WL 1373035 (S.D.Ohio May 15, 2009), Mid Western was entitled to defense and indemnity under an insurance policy provided by Western Heritage. Western Heritage refused to provide a defense or coverage in three cases filed against Mid Western. Mid Western sued Western Heritage in state court asserting state law declaratory judgment, breach of contract and bad faith claims (the same claims asserted in the instant case). Western Heritage removed the action to federal court on the basis of diversity jurisdiction. The district court, ruling on a motion to remand, determined that the value of the litigation at the time of removal would be derived from the three state cases filed against Mid Western. The defense fees and costs in those three cases totalled about $28,000. *Id*. at *2. Although one of the three cases had settled,

4

the second had been dismissed without prejudice and the third was pending. Therefore, Western Heritage pointed to the possibility of additional fees and costs in the ongoing litigation and the possibility of even more fees and costs if the dismissed action were refiled. The district court rejected that argument, concluding that any such damages were speculative and did not exist at the time of removal. It also concluded that, although punitive damages are to be included in the calculation of the amount in controversy, defendant had not shown that punitive damages would aid in meeting the amount in controversy requirement.[2] The court remanded the case, determining that Western Heritage had failed to meet its burden of establishing the amount in controversy at the time of removal.[3]

In the instant case, Everest alleges as follows in the removal petition:

7.    While Levin Swedler does not allege the exact amount of damages it seeks, it alleges that such damages are at least $25,000 and Levin Swedler specifically seeks coverage for the Gottlieb claim under the Everest Policy affording limits of liability of $3,000,000 as well as a claim for bad faith damages. As such, the Levin Swedler Complaint against Everest involves an amount in controversy in excess of the jurisdictional limit of this Court.

(Notice of Removal, Doc. No. 1.)

Everest has come forward with no facts in support of its mere belief that the jurisdictional amount has been met.[4] In *Bower*, the court stated: "American Casualty's

---

[2] The district court based its ruling on *Bower v. American Cas. Ins. Co.*, No. 99-4102, 2001 U.S.App. LEXIS 18053 (6th Cir. Aug. 6, 2001) (relying, *inter alia*, on *Gaus*, *supra* and *Lupo*, *supra*). In *Bower*, the district court granted summary judgment in favor of American Casualty in a dispute involving homeowner's insurance coverage and the insured appealed. Although the parties themselves had apparently not questioned jurisdiction, the Court of Appeals determined that the defendant had failed to carry its burden of establishing the amount in controversy by a preponderance of the evidence. The court vacated the summary judgment and remanded with instructions to remand the case to state court.

[3] With respect to the declaratory judgment claim, the court was also persuaded by the fact that other federal courts have declined to exercise jurisdiction over insurance coverage cases "where the underlying cases are being litigated in state court, the legal issues to be resolved are issues of state insurance law, and underlying cases and coverage cases have common issues of fact." *Mid Western*, at *3 (citing cases).

[4] Not only are there no facts in the Notice of Removal, there are also no facts in the defendant's memorandum in opposition to the motion.

5

conclusory 'belief' that the amount of damages sought exceeds $75,000 does not suffice to carry

its burden of establishing federal jurisdiction by a preponderance of the evidence. A conclusion

to the contrary would extend federal jurisdiction to every case in which a plaintiff seeks punitive

damages from a diverse defendant and undermine the fundamental nature of federal courts as

courts of limited jurisdiction." 2001 U.S.App. LEXIS 18053, at *10-11.

## IV. CONCLUSION

Having concluded that the defendant has failed to satisfy its burden to establish

subject matter jurisdiction under 28 U.S.C. § 1332, plaintiff's motion (Doc. No. 6) is

**GRANTED** with respect to remand.

The Court, however, finds no basis for awarding attorney fees in connection with

this motion[5] because, although the Court has decided to remand, it does not appear that

defendant "'lacked an objectively reasonable basis for seeking removal.'" *Warthman v. Genoa*

*Township Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008) (quoting *Martin v. Franklin*

*Capital Corp.*, 546 U.S. 132, 141 (2005)). Although the Court was not persuaded by defendant's

arguments for removal, it does not necessarily follow that those arguments were not objectively

reasonable. Therefore, the motion (Doc. No. 6) is **DENIED** with respect to attorney fees.

**IT IS SO ORDERED**.

Dated: July 8, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[5] Under 28 U.S.C. 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."